# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00747-CR

**Jeffrey Walter Stefanoff, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. 97-0418, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING

A jury convicted appellant Jeffrey Walter Stefanoff of possessing four ounces or more but less than five pounds of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121 (West Supp. 2002). The trial court sentenced him to one year's confinement, probated for two years, and imposed a $2,500 fine, $1,500 being probated. As a condition of appellant's probation, the trial court ordered him to enter the substance abuse felony punishment program and, prior to entry into such program, required appellant to serve seven days in jail as a detoxification period. By six points of error, appellant challenges his conviction and sentence. In one counterpoint, the State challenges the trial court's submission of appellant's necessity defense to the jury. We affirm the trial court's judgment and sentence as modified.

**BACKGROUND FACTS**

While flying over appellant's property in a helicopter during a "domestic marijuana eradication" operation, police discovered appellant growing marihuana. After obtaining and executing a search warrant, police recovered fifteen marihuana plants belonging to appellant. A search of his residence revealed no other drug paraphernalia or contraband. The marihuana confiscated from appellant weighed 2.16 pounds.

Appellant stipulated to committing the offense of possession of marijuana of four ounces or more but less than five pounds. *See* Tex. Health & Safety Code Ann. § 481.121. Pursuant to Penal Code section 9.22, appellant asserted the defense of necessity. *See* Tex. Pen. Code Ann. § 9.22 (West 1994). Appellant claimed that, as a result of his post-traumatic stress disorder, it was necessary for him to possess and smoke marihuana to contain the adverse symptoms associated with his disorder. The State objected to appellant's use of the necessity defense. The trial court, however, overruled the State's objections and submitted the issue to the jury. The jury found appellant guilty. At appellant's election, the trial court assessed his punishment. Appellant appeals both his conviction and sentence.

**DISCUSSION**

By his first point of error, appellant challenges the factual sufficiency of the State's evidence to overcome his necessity defense. The State responds by asserting one counterpoint of error, contending that the trial court committed error by instructing the jury on appellant's necessity

2

defense. Before we pass upon the factual sufficiency of the State's evidence to rebut appellant's necessity defense, we first determine whether appellant was entitled to a jury instruction on necessity.

A defendant is generally entitled to a jury instruction on every claimed defensive issue so long as the evidence adduced at trial is sufficient to raise each element of the defense. *See Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). In determining whether evidence raises a defense, neither the credibility, source, or strength of the evidence is material. *Hamel*, 916 S.W.2d at 493 (stating that "an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense"); *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993) ("The evidence which raises the issue may be either strong, weak, contradicted, unimpeached, or unbelievable."). If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to "raise" that element. *See* 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 36.47 (2d ed. 2001). The defendant's testimony by itself is sufficient to raise a defensive issue requiring an instruction in the jury charge, particularly when the defendant makes a proper and timely request for such a charge. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). It is only when the evidence fails to raise every element of a defensive issue that a trial court may refuse to grant an instruction requested by the defendant. *See Muniz*, 851 S.W.2d at 254. On appeal, evidence in support of the defensive issue is reviewed in the light most favorable to the defense. *Shafer v. State*, 919 S.W.2d 885, 886 (Tex. App.—Fort Worth 1996, pet. ref'd).

Necessity is a statutory defense that exonerates a person's otherwise illegal conduct. *See* Tex. Pen. Code Ann. § 9.22. Conduct is justified by necessity if:

(1)   the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2)   the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3)   a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.* The defendant has the initial burden of producing evidence regarding the necessity defense. Tex. Pen. Code Ann. § 2.03(c) the defendant adduces evidence, regardless of source and strength, raising every element of the defense, then the burden shifts to the State to disprove the defense beyond a reasonable doubt. *Id.* § 2.03(d); *Thomas v. State*, 678 S.W.2d 82, 84 (Tex. Crim. App. 1984).

The State contends that, because appellant failed to present any evidence regarding his possession of marihuana on the day of the offense, appellant failed to meet his initial burden of producing evidence to raise the "immediately necessary to avoid imminent harm" element. Tex. Pen. Code Ann. § 9.22(1). Appellant argues that his testimony and that of his treating psychiatrist, Dr. Joel Hochman,[1] regarding appellant's medical need to use marihuana to control rage, depression,

---

[1] Dr. Hochman did not begin treating appellant until after the State indicted appellant for marihuana possession on October 9, 1997.

4

anxiety, and nervousness associated with appellant's post-traumatic stress disorder,[2] satisfy the imminent harm requirement of section 9.22.[3]

Section 9.22(1) requires the defendant to first bring forth evidence of a specific imminent harm. Tex. Pen. Code Ann. § 9.22(1); *Johnson v. State*, 650 S.W.2d 414, 416 (Tex. Crim. App. 1983). "Harm" means anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested. Tex. Pen. Code Ann. § 1.07(a)(25). "Imminent" means something that is immediate, something that is going to happen now. *See Smith v. State*, 874 S.W.2d 269, 272-73 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Reading these definitions together, imminent harm contemplates a reaction to a circumstance

---

[2] Dr. Hochman was the first person to diagnose appellant as suffering from post-traumatic stress disorder. The record indicates that appellant developed post-traumatic stress disorder after he authorized the termination of life support for his wife who was severely injured in a motorcycle accident.

[3] According to appellant,

[t]he State was required to disprove beyond a reasonable doubt two prongs of the necessity justification:

(1) that Stefanoff reasonably believed his conduct was immediately necessary to avoid imminent harm; and

(2) that the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the marijuana laws.

This argument is without merit because (i) it erroneously creates a conjunctive burden on the State to disprove each element of the necessity defense and (ii) it incorrectly presumes that appellant met his initial burden of putting forth some evidence to support his defense.

5

that must be the result of a "split-second decision [made] without time to consider the law." *Id.* at 273.

Appellant asserts his evidence establishes "that [post-traumatic stress disorder] has a variety of symptoms, some sudden and severe, so that possession of marijuana at all times *could* be necessary to avoid them." (Emphasis added.) But more than a generalized fear of harm is required to raise the issue of imminent harm. *Brazelton v. State*, 947 S.W.2d 644, 648 (Tex. App.—Fort Worth 1997, no pet.). The bulk of appellant's evidence concerns testimony relating to appellant's diagnosis and treatment *after* he was charged with marihuana possession. The only testimony concerning the events leading up to appellant's indictment came from appellant. And while we recognize that a defendant's testimony alone may be sufficient to support a necessity defense, *see Hayes*, 728 S.W.2d at 807, it must actually raise the defensive issue before an instruction is proper, *see Granger*, 3 S.W.3d at 38. Appellant testified as follows regarding imminent harm: (i) he once threw a cup of hot coffee on his college professor; (ii) he became angry at his son and feared hitting him; and (iii) he had a general belief that it was necessary for him to smoke marihuana to control his post-traumatic stress disorder symptoms, including suicidal thoughts, flashback, depression, rage, and nightmares. We find, however, that none of this testimony produces evidence of any conduct that would lead a reasonable person to believe a specific harm was imminent.

Even if appellant properly raised the element of imminent harm, we find the State refuted the immediate necessity element beyond a reasonable doubt. After adducing evidence of imminent harm, a defendant must next establish facts indicating a reasonable belief that the criminal conduct was *reasonably necessary* to avoid the imminent harm. Tex. Pen. Code Ann. § 9.22(1).

6

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant. *Id.* § 1.07(a)(45). Reasonableness is determined from the defendant's viewpoint at the time of the conduct. *See Fitzgerald v. State*, 782 S.W.2d 876, 885 (Tex. Crim. App. 1990). According to the uncontested testimony, smoking marihuana was appellant's preferred coping mechanism. However, appellant himself testified that during a five-month period when he did not smoke marihuana, the worst thing that happened was that he threw a hot cup of coffee at someone who required no more than a band-aid to treat the injury. The imminent harm component contemplates more than this; it necessitates an immediate, non-deliberative action made without hesitation or thought of the legal consequence. *See Smith*, 874 S.W.2d at 272-73. Appellant's marihuana possession resulted from a considered decision to cultivate fifteen marihuana plants. Appellant's "medicinal" use of marihuana to manage his post-traumatic stress disorder symptoms is not the type of imminent harm to which the necessity defense applies. Accordingly, the district court erred by instructing the jury on the defense of necessity. Appellant's first point of error is overruled and the State's counterpoint of error is sustained.

Appellant's second point of error challenges the trial judge's ruling denying his requested instruction that "[t]he jury shall have the right to determine the law and the facts under direction of this Court." Although jury nullification is a recognized part of our judicial system, there is no constitutional requirement that a trial judge instruct the jury on nullification. *Mouton v. State*, 923 S.W.2d 219, 221-22 (Tex. App.—Houston [14th Dist.] 1996, no pet.). Texas law on jury nullification instructions is limited and generally applies to the sentencing phase of capital punishment cases. *See* Clay S. Conrad, *Jury Nullification as a Defense Strategy*, 2 Tex. Forum Civ. Lib & Civ.

7

R. 1, 19 (1995). In other contexts, federal courts faced with requests for jury nullification instructions have consistently held there is no constitutional right to such an instruction. *See, e.g.*, *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (holding defendant not entitled to jury nullification instruction where *ex parte* communication had occurred between the judge and a juror); *United States v. Funches*, 135 F.3d 1405,1409 (11th Cir. 1998) (holding, in a case for wrongful possession of a firearm, "[b]ecause the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence"); *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1992) (rejecting defendant's entitlement to jury nullification instructions in case involving wilful failure to file income tax returns).

Appellant cites the Texas Constitution for the proposition that a right to jury nullification does exist. *See* Tex. Const. art. I, § 8. Specifically, he relies on the last clause of the last sentence, stating, "And in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, *as in other cases*." *Id.* (emphasis added). We reject appellant's argument that this supports a constitutional right to a nullification instruction. Appellant takes this statement out of context.[4] Finding no plausible support for appellant's contention, we

---

[4] In its entirety, article I, section 8 reads:

Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press. In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence. And in all indictments for libels, the jury shall have the right to determine the

8

agree with and follow the line of federal cases rejecting a defendant's constitutional right to a jury nullification instruction. We agree with our sister court that, "while jury nullification may exist as a part of our justice system, it is not a legal standard and is not a constitutional right of the defendant. The court's duty is to instruct the jury on the law, and the trial court in the instant case complied with that duty." *Mouton*, 923 S.W.2d at 222. Point of error number two is overruled.

By appellant's third point of error, he argues that the trial court erred in admitting evidence relating to the amount and value of the marihuana discovered and that the admission of such evidence prejudiced his medical necessity defense. Appellant urges this Court to consider that, because he stipulated to the amount of marihuana found, no further evidence concerning the quantity of marihuana was necessary. We review the erroneous admission of evidence using an abuse of discretion standard. *See Wyatt v. State*, 23 S.W.3d 18, 29 (Tex. Crim. App. 2000). If overwhelming evidence dissipates the error so that it did not contribute to the verdict, the reviewing court should consider the error harmless. *See id.*

The State presented testimony comparing the quantity of marihuana appellant used daily with the amount of marihuana his plants could produce. A narcotics officer also testified to the monetary street value of the marihuana in appellant's possession, concluding that the number of plants found in appellant's possession was inconsistent with personal use. Appellant objected to this testimony, asserting that, absent distribution charges and the State's failure to provide notice of

---

law and the facts, under the direction of the court, as in other cases.

Tex. Const. art. I, § 8.

9

possible prior bad acts testimony, the testimony was inadmissible under rule 404(b). *See* Tex. R. Evid. 404(b). The State responded that because appellant failed to request notice of the State's intent to use this evidence, he waived any rule 404(b) objection and that, in any event, its use of evidence regarding the amount of marihuana found was proper to rebut appellant's medical necessity defense.[5] The trial court overruled appellant's objections regarding the admissibility of this evidence. However, the court sustained appellant's objections to the State's attempt to elicit testimony that appellant's arrest interrupted his commercial operation.

A reviewing court must ascertain the probable effect admitting evidence has on the jury's verdict and should not overturn a criminal conviction if, after examining the record as whole, the court "has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Here, the State claims that introducing evidence establishing the quantity of marihuana found on appellant's property was proper to rebut appellant's position that he grew marihuana only for his own medicinal use. Viewed as rebuttal evidence to appellant's medical necessity defense, the evidence satisfies the requirements of rule 404(b). *See Montgomery v. State*, 810 S.W.2d 372, 387-88 (Tex. Crim. App. 1990) (holding evidence is admissible to rebut defensive theory). Because the jury heard sufficient testimony to convict appellant without the evidence appellant claims was erroneously admitted, we cannot say

---

[5] Appellant argues in his brief that "[a] Rule 403 analysis of the objectionable evidence in the case at bar favors the defendant." However, because appellant cites no place in the record where he objected to the evidence relying on rule 403, and we could find no such objection, he failed to preserve this asserted error for appeal. *See* Tex. R. App. P. 33.1(a).

that such testimony had more than a slight, if any, influence on the jury's findings or that such evidence warrants reversal. Point of error three is overruled.

In his fourth and fifth points of error, appellant challenges his probation conditions. By point of error four, appellant argues that by ordering him into the substance abuse felony punishment program, the trial court failed to consider appellant's medical diagnosis and his prescription use of marinol. We employ an abuse of discretion standard in examining conditions of probation. *Dellinger v. State*, 872 S.W.2d 49, 51 (Tex. App.—Fort Worth 1994, pet. ref'd). The trial court has broad discretion in setting probation conditions reasonably related to the treatment of the accused and the protection of the public. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2002) ("The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."); *Hernandez v. State*, 556 S.W.2d 337, 342-43 (Tex. Crim. App. 1977). For a probation condition to be invalid, the condition must: (1) have no relationship to the crime; (2) be related to conduct that is not in itself criminal; and (3) forbid or require conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation. *McArthur v. State*, 1 S.W.3d 323, 332 (Tex. App.—Fort Worth 1999, pet. ref'd), *cert denied*, 531 U.S. 873 (2000); *Marcum v. State*, 983 S.W.2d 762, 768 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

During the sentencing phase, appellant objected to any inpatient treatment program because, "[g]iven the fact that [appellant] has a prescription for THC, [it] seems . . . rather impossible to be given THC and be on a drug treatment plan to get one off THC." The trial court acknowledged that it was a "knotty problem." In fashioning "its own program," the trial court ordered appellant

11

committed to the substance abuse program and further ordered "that he be allowed to take his duly-prescribed medications, whether it includes Marinol, or whatever it might be." From the record, it is clear that the trial court considered appellant's medical diagnosis and fashioned its order to account for appellant's prescription of marinol. The only order objectionable to appellant was that he "cease and desist from the use of marijuana by smoking." Under these circumstances, we cannot say the trial court abused its discretion in sentencing appellant to the substance abuse program.

In his fifth point of error, appellant contends that, because he was entitled to mandatory probation under the statute by which he was indicted, the trial judge's order incarcerating him for seven days prior to beginning the substance abuse program was erroneous. Appellant's argument is without merit. Appellant's actual sentence of one year confinement was probated for two years. The requirement that he spend seven days in jail as a detoxification period was a condition of probation and of the substance abuse program, not of the one year imprisonment. *See* 37 Tex. Admin. Code § 159.1 (2001). We hold that the trial court did not abuse its discretion in setting appellant's probation conditions. We overrule points of error four and five.

Finally, in his sixth point of error, appellant contends that the judgment incorrectly reflected an affirmative deadly weapon finding. The record reflects an affirmative deadly weapon finding but it shows no support for such a finding. At oral argument, the State conceded error on this point. Therefore, we modify the judgment to reflect a negative deadly weapon finding and sustain appellant's sixth point of error.

12

**CONCLUSION**

We sustain the State's counterpoint of error and appellant's sixth point of error and modify the judgment to remove the deadly weapon finding. Appellant's points of error one through five are overruled. The conviction is modified and, as modified, affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Modified and, as Modified, Affirmed

Filed:   January 10, 2002

Publish

13