# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00041-CR

**Thomas Jordan, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
NO. CR-2001-03965-A, HONORABLE JIM CROUCH, JUDGE PRESIDING**

A jury found appellant Thomas Jordan guilty of assault involving family violence and assessed punishment at incarceration for 365 days. *See* Tex. Pen. Code Ann. ' 22.01(a)(1) (West Supp. 2002). Appellant brings forward four issues, each involving the court=s refusal to give a defensive instruction. We will affirm the conviction.

At 9:30 p.m. on March 9, 2001, Denton police officers responded to a report of an assault in progress at a convenience store. They found the complainant, Kathleen Bellino, standing near the store. Her jacket was torn, her hair was in disarray, and she had been crying. She had blood on her hands, and her left eye and cheek were swollen. She told the police that appellant, her long-time companion, had come home intoxicated Aand that he blew up at her and started hitting her.@ She added, A[Appellant] told her to get her stuff and get out. She grabbed a few things and that=s when she walked to the store.@ The house Bellino shared with appellant was less than two blocks from the store. Bellino said that when she reached

the store, appellant drove up in his pickup truck and then Agot out and hit her, tried to get her into the [pickup].@

Witnesses to the incident in the store parking lot testified that appellant jumped out of his truck, seized Bellino by the hair, and attempted to force her into his pickup. AHe was throwing her into the driver=s side and, you know, basically beating up on her.@ These witnesses saw appellant repeatedly strike Bellino with his fist. Appellant Awas hollering and stuff. He was real drunk.@ Photographs of Bellino taken that night and showing her injuries were introduced in evidence.

Despite her statements on March 9, Bellino attempted to prevent appellant=s prosecution. She was a reluctant State=s witness who also testified on appellant=s behalf. According to Bellino and appellant, who also testified, appellant arrived home following work to find Bellino intoxicated. Bellino had made a mess in the kitchen while attempting to cook dinner, which angered appellant. They argued, and appellant ordered Bellino to leave the house. As Bellino was leaving, appellant seized her coat in an attempt to stop her from taking the keys to his truck. During this Atussle,@ the coat was torn. Bellino remembered falling down as she attempted to pull away from appellant, injuring her fingers. Appellant testified that Bellino stumbled and fell as she walked from the kitchen to the living room, and that she fell a second time as she stepped from the house onto the porch. Both Bellino and appellant testified that appellant did not push Bellino.

Appellant testified that about five minutes after Bellino left the house, he decided to go after her because he realized that she was too intoxicated to be out at night. He suspected that she would go to the convenience store where, on three previous occasions, she had been assaulted. Bellino and appellant

both testified that he did not touch her in the store parking lot. Instead, he merely asked her to get into his truck. They agreed that during the entire incident appellant never seized her, slapped her, or struck her with his fist. Bellino professed not to know how she came to have the bruises on her face and arms. Appellant denied inflicting any of the injuries to Bellino shown in the photographs.

The court=s charge tracked the information and authorized appellant=s conviction if the jury found that he Aintentionally, knowingly or recklessly cause[d] bodily injury to Kathleen Bellino by striking or grabbing or pushing [her] with [his] hand.@ The court refused to instruct the jury on the defense of necessity with respect to the allegations that appellant grabbed or pushed Bellino.[1] Appellant contends the refusal of the requested instruction was reversible error.

---

[1] The necessity defense provides that conduct is justified if:

(1)    the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2)    the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3)    a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Tex. Pen. Code Ann. ' 9.22 (West 1994).

**4**

A defendant is entitled to a jury instruction on every defensive issue raised by the evidence, regardless of its source or strength. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Pennington v. State*, 54 S.W.3d 852, 856 (Tex. App.CFort Worth 2001, pet. ref=d). To be entitled to an instruction on necessity, the defendant must present evidence that he reasonably believed that a specific harm was imminent and that he reasonably believed that the criminal conduct was immediately necessary to avoid the imminent harm. *Pennington*, 54 S.W.3d at 857. Appellant argues that the evidence raises an issue as to whether it was immediately necessary for him to assault the intoxicated Bellino to prevent imminent harm arising from her driving or going to the convenience store.

Under the necessity defense, the accused admits committing the charged offense but offers necessity as a justification. *Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999). In this cause, appellant denied committing the charged assault. The only physical contact appellant admitted during his testimony was the Atussle@ over the keys, during which he admittedly seized Bellino=s coat and tore the pocket. According to both appellant and Bellino, this did not result in any injury to her. This testimony did not raise an issue as to whether appellant intentionally, knowingly, or recklessly caused bodily injury to Bellino by grabbing her. Appellant conceded during cross-examination that there was a Apossibility@ that he pushed Bellino as she stood on the porch, causing her to fall and hurt her hand. Appellant insisted that if this happened, it was not Apurposeful.@ This testimony did not raise an issue as to whether appellant intentionally, knowingly, or recklessly caused bodily injury to Bellino by pushing her. Finally, appellant denied even touching Bellino at the convenience store and asserted that the witnesses who testified to the contrary were lying.

Appellant argues that the jury might have disbelieved his denial of the alleged assaultive conduct, but nevertheless believed that he acted out of his claimed concern for Bellino=s safety. But even under this approach to the evidence, there was no issue of Aimmediate necessity@ to avoid Aimminent harm.@ AImminent@ means impending, not pending; something that is on the point of happening, not about to happen. *Pennington*, 54 S.W.3d at 857. An Aimminent harm@ exists when there is an emergency situation, and it is Aimmediately necessary@ to avoid that harm when a split-second decision is required without time to consider the law. *Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.CAustin 2002, pet. ref=d); *Smith v. State*, 874 S.W.2d 269, 273 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). Bellino was not on the verge of driving away in appellant=s truck when appellant initiated the Atussle@ for the keys inside the house. There was no evidence that appellant did not have time to consider the situation and take less drastic steps to prevent Bellino from driving. After Bellino left the house on foot, appellant waited five minutes before deciding to go after her to return her to the house. There was no evidence that Bellino was in imminent peril at the convenience store when appellant arrived. Under any possible reading of the evidence before us, appellant was not forced to make a split-second decision without time to consider the available options.

We hold that the necessity defense was not raised by the evidence and that the trial court did not err by refusing the requested instruction. Issue one is without merit. Because appellant=s remaining issues are premised on our concluding that the necessity defense was raised by the evidence, we need not address them.

The judgment of conviction is affirmed.

                                          _____

                                          Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 19, 2002

Do Not Publish