In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-548 CR


 ______________________



LLOYD FORREST LOWE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR 25624






MEMORANDUM OPINION


 Lloyd Forrest Lowe appeals a conviction for felony escape. He raises two issues on
appeal. Finding no reversible error, we affirm the judgment. 

 The Sheriff of Liberty County testified that Lowe is an inmate who escaped from
Liberty County jail. A corrections officer testified that Lowe was in his cell and asked the
officer to retrieve a radio Lowe left in the day room. When the corrections officer walked
into the day room to retrieve the radio, the officer was attacked by two other inmates. The
inmates took the officer's clothes, his glasses, and his keys, and asked him how to open cell
number three. The officer testified that Lowe was housed in cell number three. The inmates
took the officer to Lowe's cell, opened the cell door, and locked the officer in the cell. 
Lowe's cell door was the only door the inmates opened. After locking the officer in Lowe's
cell, Lowe and the other inmates left. 

 Lowe presented testimony from James Douglas Hicks, who had been living with
Lowe's mother for twelve years. Hicks testified that Lowe's mother has diminished brain
capacity, and is severely ill. He explained that at the time of the escape, Lowe's mother was
having some mental problems and Lowe knew that she was sick. After Lowe escaped, Lowe
did not contact Hicks, and Hicks did not know if Lowe contacted his mother.

 In issue one, Lowe argues the trial court erred in denying a request he made for a jury
instruction on "necessity." Lowe argues he presented evidence that his mother had a serious
mental illness and that he reasonably believed his escape was "immediately necessary to
avoid imminent harm to his mother."

 A charge on a defensive issue is required if the defendant presents affirmative
evidence that would constitute a defense to the crime charged and the defendant properly
requests a jury charge. Brazelton v. State, 947 S.W.2d 644, 646 (Tex. App.--Fort Worth
1997, no pet.). A defendant who produces evidence raising each element of a requested
defensive instruction is entitled to the instruction regardless of the source and the strength
of evidence. Id. An appellate court views the evidence in the light most favorable to the
defense. Id. 

 The defense of necessity is available if (1) the defendant reasonably believes the
conduct is immediately necessary to avoid imminent harm; (2) according to ordinary
standards of reasonableness, the desirability and urgency of avoiding the harm clearly
outweigh the harm sought to be prevented by the law proscribing the conduct; and (3) a
legislative purpose to exclude the justification claimed for the conduct does not otherwise
appear. Tex. Pen. Code Ann. § 9.22 (Vernon 2003); Spakes v. State, 913 S.W.2d 597, 597-98 (Tex. Crim. App. 1996). Fitzgerald v. State, 728 S.W.2d 876, 885 (Tex. Crim. App.
1990) ("Whether his escape was justifiable will then be tested initially on reasonableness of
his preexisting belief."). Stefanoff v. State, 78 S.W.3d 496, 501 (Tex. App.--Austin 2002,
pet. ref'd). A reasonable belief is one that would be held by an ordinary and prudent person
in the same circumstances as the defendant, and is determined from the defendant's
viewpoint at the time of the conduct. See id. "A defendant's belief that [his] conduct was
immediately necessary to avoid imminent harm may be deemed unreasonable as a matter of
law . . . if undisputed facts demonstrate a complete absence of evidence of immediate
necessity or imminent harm." Brazelton, 947 S.W.2d at 648-49. 

 The imminent harm component "necessitates an immediate, non-deliberative action
made without hesitation or thought of the legal consequence." Stefanoff, 78 S.W.3d at 501. 
Lowe asserted that he believed escape from jail was justified as necessary to avoid imminent
harm to his mother. This belief, however, was unreasonable as a matter of law because 
Lowe was not involved in an emergency, nor does his asserted belief justify his escape. See
id. ("Appellant's 'medicinal' use of marihuana to manage his post-traumatic stress disorder
symptoms is not the type of imminent harm to which the necessity defense applies."). The
court did not err in denying the requested necessity instruction. Issue one is overruled. 

 In issue two, Lowe argues the court erred in denying his motion for a mistrial when
the State's witness testified that Lowe was charged as a habitual offender. An appellate court
reviews a trial court's denial of a motion for mistrial for an abuse of discretion. Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Mistrial is appropriate for a narrow
class of "highly prejudicial and incurable errors," and may be granted when the court is
"faced with error so prejudicial that 'expenditure of further time and expense would be
wasteful and futile.'" Id. (quoting Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App.
2000)).

 The State introduced evidence that Lowe was in jail on an aggravated robbery charge. 
Lowe complains of the following exchange between the prosecuting attorney and the sheriff:

 [State]: I'm going to show you what's been marked as State's Exhibit 1,
Sheriff. Can you recognize what State's Exhibit 1 is?

 [Witness]: It's an indictment for Aggravated Robbery. It's an indictment
indicting Lloyd Forrest Lowe.

 [State]: And what is he charged with?

 [Witness]: Aggravated Robbery, habitual offender.

 [Defense counsel]: Objection, your Honor. That's - -

 [The Court]: Sustained.

 [Defense counsel]: I'd ask that the record be stricken and the jury be
instructed, and I'd ask for a mistrial at this time.

 [The Court]: Ladies and gentlemen of the jury, the last statement made
by the Sheriff is to be stricken. You're not to consider it for any purpose. And
your motion for mistrial is denied. 


Lowe argues the testimony that he was a habitual offender violated Texas Code of Criminal
Procedure article 36.01(a)(1). See Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon
2007). Article 36.01(a)(1) provides that a prosecutor shall read the indictment to the jury and
shall not read prior convictions alleged for enhancement purposes until a hearing on
punishment is held. Id. Article 36.01(a)(1) seeks to prevent prejudice from a pre-trial
announcement that the defendant has prior convictions. Hawkins v. State, 792 S.W.2d 491,
497 (Tex. App.--Houston [1st Dist.] 1990, no pet.). Lowe acknowledges that the State did
not read the enhancement paragraphs of the indictment at the beginning of trial. He contends
that article 36.01(a)(1) applies to both prosecutors and the State's witnesses. 

 Lowe was on trial for escape. The State did not read the enhancement paragraphs of
the escape indictment at the beginning of trial, nor did the State otherwise inform the jury of
the allegations made in the enhancement paragraphs.

 The evidence in this case showed that Lowe was initially incarcerated as a result of
an aggravated robbery charge. The sheriff's testimony that the aggravated robbery
indictment charged Lowe as a habitual offender is essentially a reference to an extraneous
offense. Generally, a jury instruction to disregard will cure error associated with testimony
referring to an extraneous offense, unless the extraneous offense evidence is so calculated
to inflame the minds of a jury or is of such a nature as to suggest the impossibility of
withdrawing the impression produced. Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim.
App. 1992); Campos v. State, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979). An improper
question or answer seldom requires a mistrial, because any harm usually can be cured by an
instruction to disregard. See generally Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App.
1999). 

 The trial court sustained the objection to the evidence. The testimony that Lowe was
charged as a habitual offender was followed by an immediate instruction to disregard. The
trial court's instruction cured any error related to the testimony. Issue two is overruled. The
judgment is affirmed.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on February 28, 2008

Opinion Delivered May 21, 2008

Do Not Publish

 

Before Gaultney, Kreger, and Horton, JJ.