

**NUMBER 13-07-00209-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LEEVELL NEWSON, JR.,**                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Leevell Newson, Jr., of evading arrest with a motor vehicle and assessed punishment, enhanced by multiple prior felony convictions, at twenty years in prison and a $10,000 fine. *See* TEX. PENAL CODE ANN. § 38.04(a)-(b)(1) (Vernon 2003). In a single issue, appellant contends the trial court erred in overruling his request for an instruction on the defense of necessity. *See id*. § 9.22. We affirm.

## I. BACKGROUND

On October 18, 2006, Victoria Police Officer Jett McFalls ("Officer McFalls") observed appellant's green Oldsmobile emerge from an Economy Inn in a "high-drug area." Officer McFalls followed appellant for three or four blocks to see if he "could get some kind of traffic violation." Appellant then made a turn without signaling, and Officer McFalls activated his emergency lights. Appellant continued driving and eventually accelerated, running two stop signs, hitting a curb, sending his car airborne, bouncing off another vehicle, and crashing into a storage building.

On December 14, 2006, a Victoria County grand jury indicted appellant for evading arrest or detention with a vehicle. *See id*. § 38.04(a)-(b)(1). The indictment also included several enhancement paragraphs, including four burglary convictions in 1981, one burglary conviction in 1984, another burglary conviction in 1988, and a conviction in 1998 of Delivery of a Controlled Substance. *See id*. § 12.42(a)(2) (noting penalties for repeat and habitual felony offenders).

At trial, appellant pleaded "Not Guilty," admitted to evading Officer McFalls, and raised the necessity defense. *See id*. § 9.22. Appellant testified that he did not pull over because he needed to get the car home, which was two blocks away, because his fiancee and two children needed to get to work and school, which could not occur if he were arrested and the car were towed. He claimed that his fiancee would not have been able to afford the towing fee.

The trial court's proposed jury charge included no instruction on the necessity defense, appellant objected to the charge, but was overruled. The jury found appellant guilty of evading arrest, and appellant stipulated to the enhancement allegations in the

2

indictment.  He was sentenced to an enhanced prison term of twenty years and a $10,000 fine.  This appeal followed.

## II. NECESSITY

In a single issue, appellant argues that the trial court erred in excluding from the jury charge instructions on necessity.  We disagree.

### A.  Standard of Review and Applicable Law

"It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).  This rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence.  *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991) (opinion on rehearing).  When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury.  *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Cr. App. 1993).  However, when the evidence fails to raise a defensive issue, the trial court commits no error in refusing a requested instruction.  *Id*. (citing *Kunkle v. State*, 771 S.W.2d 435, 444 (Tex. Crim. App. 1986)).

Necessity is a statutory defense that exonerates a person's otherwise illegal conduct.  *Young v. State*, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999).  Conduct is justified by necessity if:

(1)    the actor reasonably believes the conduct is necessary to avoid imminent harm;

3

(2)    the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be avoided by the law proscribing the conduct; and

(3)    a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (Vernon 2003); *Young*, 991 S.W.2d at 838.

## B. Analysis

The threshold issue is whether appellant reasonably believed his conduct was necessary to avoid imminent harm. *Maldonado v. State*, 902 S.W.2d 708, 712 (Tex. App.–El Paso 1995, no pet.). Appellant testified that it was necessary for him to evade the police because: (1) he had a warrant out for his arrest; (2) he knew that once he stopped his vehicle he would be arrested; (3) his car would be likely be impounded; and (4) he felt the need to get the car home to his fiancee so as to avoid any financial harm she may endure as a result of the car being impounded. It is undisputed that in evading the police appellant sped directly past his home on the wrong side of the road, ran two stop signs, jumped a curb causing his vehicle to "go airborne," and crashed his car into a storage unit.

It is well established that one who unlawfully avoids police detention simply cannot claim that his criminal conduct is a necessary response to the legitimate police action that his illicit flight spawns. *See Ford v. State*, 112 S.W.3d 788, 794 (Tex. App.–Houston [14th Dist] 2003, no pet.); *Maldonado*, 902 S.W.2d at 712. One who provokes the difficulty, or is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense, is not entitled to a charge authorizing his acquittal of that offense based upon necessity. *Ford*, 112 S.W.2d at 794.

4

Here, the record shows that appellant was responsible for placing himself in the position of being stopped for a traffic violation and being arrested for an outstanding warrant. Moreover, appellant points to no evidence, other than Officer McFall's legitimate attempt to make a traffic stop, that may have forced him to believe that his own actions were immediately necessary to avoid harm. Also, the fact that appellant's vehicle may have been towed or that an impoundment fee may have been assessed is much too speculative and remote to be considered imminent. *See Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.–Austin 2002, pet. ref'd) (stating that imminent harm component necessitates an immediate, non-deliberative action made without hesitation or thought of legal consequence; a "split second decision") (internal citations omitted).

Because appellant had not shown evidence of imminent harm, the trial court did not err in refusing to submit the defense of necessity to the jury. *See Ford*, 112 S.W.2d at 794; *Maldonado*, 902 S.W.2d at 712. Appellant's sole issue on appeal is overruled.

### III. Conclusion

We affirm the trial court's judgment.

ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 10th day of July, 2008.

5