# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00038-CR

**Roy Leslie Crayton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF BURNET COUNTY
### NO. M29921, HONORABLE W.R. SAVAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Roy Leslie Crayton appeals from a conviction for the class A misdemeanor offense of interference with an emergency request for assistance. *See* Tex. Penal Code § 42.062. In his only issue, Crayton contends that the evidence at trial was legally insufficient to support his conviction. Crayton argues that the State failed to prove the existence of an "emergency," because the complainant, William Martin, was not, and did not reasonably believe himself to be, in fear of imminent assault. We will affirm the trial court's judgment of conviction.

## BACKGROUND

At trial, Officer Robert Chrane of the Granite Shoals Police Department testified that at approximately 10 a.m. on May 23, 2013, he was dispatched to the Living Word Ministry Men's Restoration Home to meet with a tenant, William Martin, about a dispute Martin was having with his landlord. Crayton, who was Martin's landlord, was not present at that time. Officer Chrane

informed Martin of his legal rights as a tenant and explained the eviction process to him before leaving.

At 11 a.m. Officer Chrane was again dispatched to the residence, in response to a possible disturbance. Officer Chrane met Crayton outside of the residence. Officer Chrane testified that Crayton, visibly upset, informed him that he had been involved in an argument with Martin over the terms of a contract all tenants of the restoration home were required to sign, and that Martin had threatened him with a knife. During his interview with Crayton, Officer Chrane was informed over the radio that his backup deputy had encountered Martin a few blocks from the restoration home. Officer Chrane left to speak with Martin.

Martin testified that Crayton had returned to the restoration home after having been notified that Martin had spoken to police that morning. Martin testified that Crayton had appeared upset, began "hollering," and used his belly to push him, cornering Martin in Martin's bedroom. Crayton had attempted to provoke Martin, taunting, "You want to call the cops on me? Let's have you do something. Go ahead and hit me." According to Martin, when a pastor at the restoration home attempted to deter Crayton, Martin slipped past him and walked quickly to the living room, telling Crayton as he passed that he was going to call the police. As Martin was placing the call, Martin continued, Crayton took the receiver from his hand and pulled the phone from the wall, breaking the cord at the plug. Martin testified that Crayton had declared, "You're not using my phone to call the cops." Martin then left the restoration home and headed toward the police station. He had walked several blocks when an officer stopped him and asked to speak with him. Martin testified that he did not threaten Crayton with a knife during the confrontation.

Crayton contradicted the whole of Martin's testimony, denying that the "entire event" occurred and testifying that he had never pushed Martin with his belly. Crayton testified that he did not pull the phone from the wall, but rather that Martin had stormed out of the restoration home without asking to use a phone. Crayton testified that he called the police on his cell phone after Martin left.

The jury found Crayton guilty of interfering with an emergency telephone call. The trial court assessed punishment at twelve months' imprisonment and a $4,000 fine. The trial court suspended the sentence and placed Crayton on community supervision for fifteen months. This appeal followed.

**STANDARD OF REVIEW**

When assessing the legal sufficiency of the evidence to support a conviction, an appellate court must view the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Jessop v. State*, 368 S.W.3d 653, 662 (Tex. App.—Austin 2012, no pet.). Evidence may be legally insufficient when the record contains "no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013).

**DISCUSSION**

In his only issue, Crayton challenges the legal sufficiency of the evidence supporting his conviction under section 42.062 of the Texas Penal Code. Under section 42.062, an individual commits an offense if the individual "knowingly prevents or interferes with another individual's ability to place an emergency call." Tex. Penal Code § 42.062(a). An "emergency" is defined in the statute as:

> a condition or circumstance in which any individual is or is reasonably believed by the individual making a call or requesting assistance to be in fear of imminent assault or in which property is or is reasonably believed by the individual making the call or requesting assistance to be in imminent danger of damage or destruction.

*Id*. § 42.062(d). Harm is "imminent" if it is "immediately going to happen." *In re J.A.G.*, No. 03-05-00004-CV, 2006 WL 1126194, at *3 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.); *see also Stefanoff v. State*, 78 S.W.3d 496, 500-01 (Tex. App.—Austin 2002, pet. ref'd).

Crayton contends that the evidence is legally insufficient to support a finding that Martin's call to 911 was an "emergency call" because there is no evidence suggesting that Martin was, or reasonably believed himself to be, "in fear of imminent assault." In support of his argument, Crayton underscores Martin's testimony at trial, in which Martin repeatedly asserted that he felt no fear during the interaction. For example, Martin testified, "I don't take intimidation at all. Push me, I push harder." Martin also testified that he has "never been" scared of any man.

Crayton, in emphasizing what he portrays as Martin's lack of fear, fails to acknowledge that an "emergency" also exists under section 46.062 when property damage is

imminent or the individual making the emergency call reasonably believes that property damage is imminent. *See* Tex. Penal Code § 42.062(d). The jury charge, tracking the statutory language, instructed the jury on both the assault and property components of the definition of "emergency." Where "alternate manners and means of committing an offense are submitted to the jury," it may return a general verdict if the evidence "supports a conviction under any one of them." *Marinos v. State*, 186 S.W.3d 167, 175 (Tex. App.—Austin 2006, pet. ref'd). Therefore, even if Martin was not "in fear of imminent assault," we must, nevertheless, affirm his conviction if the evidence presented to the jury is legally sufficient to support a finding that property was, or was reasonably believed by Martin to be, in imminent danger of damage or destruction.

At trial, Martin testified that when he attempted to call 911, Crayton pulled the phone from the wall, breaking the phone's cord at the plug, and stated, "You're not using my phone to call the cops." Although Crayton disputed Martin's account of these events, the jury is the sole judge of the credibility and weight of witness testimony, and we presume that the jury resolved the conflict in favor of the guilty verdict. *See Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Given Martin's testimony that the phone was damaged as he attempted to call 911, the jury could reasonably find that property was in imminent danger of damage or destruction. *See Armstrong v. State*, No. 03-10-00046-CR, 2011 WL 1466856, at *1 (Tex. App.—Austin Apr. 14, 2011, no pet.) (mem. op., not designated for publication) (concluding that jury could reasonably find that property damage was imminent where undisputed evidence showed that phone was destroyed when complainant attempted to call police). In addition, Martin testified that Crayton, "a fairly large man," had violently pushed Martin into a corner using his belly. At the time, Crayton was "very upset" and

had "come in hollering." From this evidence, suggesting that Crayton was severely agitated during the interaction, a jury could reasonably find that Martin had reasonably believed property damage or destruction was imminent when he attempted to call 911. *See id*. (concluding that jury could reasonably find that complainant reasonably believed property damage was imminent given evidence that defendant was "highly agitated").

From the record before us, we conclude that the evidence is sufficient to support a finding that an "emergency" existed under section 42.062. We therefore overrule Crayton's only issue on appeal.

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: November 20, 2015

Do Not Publish

6