# NO. 12-17-00267-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSE NEFTALI ALFARO AKA JOSE BONILLA,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jose Neftali Alfaro aka Jose Bonilla appeals his conviction for aggravated assault with a deadly weapon. Appellant raises one issue challenging the trial court's jury instruction on self-defense. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the undisputed evidence showed that Appellant told Juan Alvarez's wife that Alvarez and Appellant's estranged wife were having an affair. Alvarez went to Appellant's house a couple of days later. Appellant attacked Alvarez with a machete and severely injured him.

According to Alvarez, when he arrived, Appellant shook his hand and then told him that he was going to kill him. Alvarez turned to leave and then felt a blow to his head that knocked him to the ground. He touched his face and saw that he was bleeding. Alvarez tried to get away but could move only one side of his body. Appellant continued hitting him until someone yelled at him to stop.

According to Appellant, when he opened the door, Alvarez pushed him and came inside the house. Appellant pushed Alvarez, but Alvarez approached him again. Appellant grabbed a

machete, and Alvarez continued to approach. Appellant struck Alvarez with the machete. Alvarez grabbed the hand holding the machete and both men exited the house. Appellant struck Alvarez repeatedly with the machete while struggling with him for control of it. Appellant sustained no injuries during the struggle.

In its jury charge, the trial court included an instruction on the law regarding use of deadly force in self-defense. Ultimately, the jury found Appellant "guilty" of aggravated assault with a deadly weapon and assessed his punishment at imprisonment for eighteen years and a $10,000.00 fine. This appeal followed.

## CHARGE ERROR

In Appellant's sole issue, he complains that the trial court gave the jury an improper self-defense instruction.

### Standard of Review

The review of an alleged jury charge error in a criminal trial is a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, an appellate court must determine whether there was error in the jury charge. *Id.* Then, if there is charge error, the court must determine whether there is sufficient harm to require reversal. *Id.* at 731–32. The standard for determining whether there is sufficient harm to require reversal depends on whether the appellant objected to the error at trial. *Id.* at 732.

If the appellant objected to the error, the appellate court must reverse the trial court's judgment if the error "is calculated to injure the rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). This means no more than that there must be some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). An appellant who did not raise the error at trial can prevail only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Id.* "In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

The record must show that the defendant suffered actual harm, not merely theoretical harm. *Id.* at 174. In assessing whether the trial court erred by denying a requested defensive instruction,

an appellate court must examine the evidence offered in support of the defensive issue in the light most favorable to the defense. *Farmer v. State*, 411 S.W.3d 901, 906 (Tex. Crim. App. 2013).

**Self-Defense Instruction**

A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief. *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). This rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999).

To raise a defensive issue, the evidence must raise each element of the defense. *Stefanoff v. State*, 78 S.W.3d 496, 499 (Tex. App.—Austin 2002, pet. ref'd). "If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to 'raise' that element." *Id.* The defendant's testimony alone may be sufficient to raise a defensive issue. *Williams v. State*, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982).

When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on it, the trial court must submit the issue to the jury. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion. *Darty v. State*, 994 S.W.2d 215, 218 (Tex. App.—San Antonio 1999, pet. ref'd). When reviewing a trial court's refusal to submit a defensive instruction, we view the evidence in the light most favorable to the requested instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

In this case, the trial court submitted a self-defense instruction, but Appellant argues that the instruction is improper because it omits important language contained in the statute. The statute provides the following:

> (a) A person is justified in using deadly force against another:
> (1) if the actor would be justified in using force against the other under section 9.31; and
> (2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:
> (A) to protect the actor against the other's use or attempted use of unlawful deadly force[.]

TEX. PENAL CODE ANN. § 9.32 (West 2011). The trial court instructed the jury as follows:

> A person's use of deadly force against another that would otherwise constitute the crime of AGGRAVATED ASSAULT is not a criminal offense if the person reasonably believed the force used was immediately necessary to protect the person against the other's use or attempted use of unlawful deadly force.

Appellant complains, for the first time on appeal, that the omitted phrase "when and to the degree the actor reasonably believes the deadly force is immediately necessary" was "vital to [him] in receiving a fair and impartial trial," and "its omission created reversible error." We disagree.

In a felony jury trial, the trial court must deliver to the jury "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Here, although the jury instruction does not use the exact language—"when and to the degree"—contained in the statute, it nonetheless sets forth the law applicable to the case. *See id.* The phrase "the force used" implies both the type and degree of the force. Furthermore, the phrase "immediately necessary" addresses the time element, obviating the need for the word "when" in the instruction. Thus, the instruction conveys the same meaning as the statute. We conclude that the trial court's jury instruction on self-defense was proper.

Furthermore, even if the instruction was improper, the error is not reversible because it is harmless. *See Almanza*, 686 S.W.2d at 171. The record shows that the parties participated in an informal charge conference before closing arguments. When addressing the self-defense instruction, they discussed the fact that the state bar's pattern jury charge on use of deadly force in self-defense does not include the same wording as the statute. The trial court opined that, because of grammatical considerations, it is impossible to include the phrase "when and to the degree" in the instruction. There is no indication in the record that Appellant objected to the wording of the instruction either during the informal charge conference or during the recorded proceedings. According to the trial court's statements on the record, the parties agreed during the conference that the State could argue the omitted statutory language even though it was not included in the charge. Nonetheless, Appellant objected when the State used a demonstrative exhibit containing the omitted language during its closing argument. The trial court overruled the objection, and the State told the jury that they were "required to consider when and to the degree the actor reasonably believes the deadly force is immediately necessary."

Appellant contends that the omission of the statutory language in the charge caused him actual harm because it likely confused the jurors. We find nothing in the record to support this conclusion. Based on our review of the record, Appellant could not have been harmed by the absence of the words "when and to the degree" in the charge. Appellant testified that he struck Alvarez with the machete because Alvarez was attacking him. The evidence shows that Alvarez was unarmed. He sustained cuts to his arms and six or seven cuts to his head, two or three of

which broke his skull and caused permanent brain damage.  Witnesses saw Appellant continue to hit Alvarez while he was on the ground and unable to move.  Under these circumstances, an instruction focusing the jury's attention on "the degree" of deadly force required to protect Appellant from Alvarez would likely do Appellant more harm than good.  The fact that Appellant objected to the State's use of an exhibit containing those words further supports this conclusion.  Accordingly, because the jury instruction was not improper and any error is harmless, we overrule Appellant's sole issue.  *See Abdnor*, 871 S.W.2d at 731–32.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered October 24, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 24, 2018

NO. 12-17-00267-CR

**JOSE NEFTALI ALFARO AKA JOSE BONILLA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1522112)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*