Affirmed and Memorandum Opinion filed July 8, 2008








Affirmed and Memorandum Opinion filed July 8, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00462-CR

____________

 

DAVID PAUL SHOLMIRE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1415063

 



 

M E M O R A N D U M   O P I N I O N

Appellant David Paul Sholmire appeals his conviction for
assault on a family member, claiming in a single issue that the trial court
erred in denying his requested jury-charge instruction for the defense of
necessity.  We affirm. 

I. Factual and Procedural Background








On November 8, 2006, police officers responded to a 9-1-1
call from fifteen-year-old complainant, Matthew, who reported a physical
domestic disturbance involving appellant, Matthew=s stepfather. 
After a brief investigation, appellant was arrested and charged with two counts
of misdemeanor assault against family members:  Matthew and Martha, appellant=s wife.  Appellant
pleaded, Anot guilty.@ 

Matthew, Martha, and appellant each testified at a jury
trial.  Martha testified that she and Matthew exchanged words in the kitchen
over household chores.  Appellant, who had been sleeping in another room,
entered the kitchen to intervene in the alleged dispute between Martha and
Matthew.  An altercation ensued between appellant and Martha, and Martha asked
Matthew to notify police.  Appellant threatened Matthew and told him not to
call the police.  Matthew ran to his room.  Matthew eventually placed a call to
9-1-1.  

Matthew and Martha both testified that appellant followed
Matthew to Matthew=s bedroom.  Matthew testified that he
placed a call to 9-1-1 on his cell phone, and appellant knocked the phone from
his hands.  Matthew recalled appellant hitting him on his head six to eight
times with a closed fist.  Matthew retreated to a neighbor=s home.  Doctors
later treated Matthew for a right orbital blow-out fracture near his eye.

Appellant testified that after the altercation in the
kitchen, he followed Matthew to the bedroom because, previously that afternoon,
appellant had seen Matthew=s loaded hunting rifle in the bedroom. 
Appellant testified that he feared Matthew would shoot him.  Appellant
described how upon entering the room, he saw Matthew straddling the gun case as
if Matthew were unfastening the four latches on the gun case.  Appellant denied
seeing Matthew open the case or remove the gun from the case.  Appellant
admitted to hitting Matthew twice, explaining that he did so out of fear for
his life, in an attempt to Aseparate [Matthew] from the gun.@  Appellant
admitted to physically removing Matthew from the vicinity of the gun, but he
denied striking Matthew more than twice.








Though appellant=s trial counsel
objected to the jury-charge instructions because there was no defensive
instruction for necessity, the trial court denied appellant=s request.  The
jury acquitted appellant of any charges involving appellant=s altercation with
Martha, but the jury found appellant guilty as charged for the altercation
involving Matthew.  Appellant was sentenced to 180 days= confinement, but
the sentence was suspended and appellant was placed on probation.

II.  Issue and Analysis

In a single issue, appellant complains that the trial court
reversibly erred in denying his requested jury-charge instruction for the
defensive issue of necessity.  A defendant is entitled to an instruction on any
properly requested defensive issue raised by evidence from any source,
regardless of whether the evidence is strong or weak, unimpeached or
contradicted, or credible or not credible.  Granger v. State, 3 S.W.3d
36, 38 (Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491, 493 (Tex.
Crim. App. 1996); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.
1993).  If the evidence is such that a rational juror could accept it as
sufficient to prove a defensive element, then the evidence Araises@ that element.  See
Stefanoff v. State, 78 S.W.3d 496, 499 (Tex. App.CAustin 2002, pet.
ref=d).  A defendant=s testimony alone
may be sufficient to raise a defensive issue.  Miller v. State, 815
S.W.2d 582, 585 (Tex. Crim. App. 1991); Dyson v. State, 672 S.W.2d 460,
463 (Tex. Crim. App. 1984).  When the evidence fails to raise every element of
a defensive issue, the trial court commits no error in refusing a requested
instruction.  Muniz, 851 S.W.2d at 254.  If the issue is raised by any
party, and every element is supported by the evidence, a trial court=s refusal to
submit the requested instruction is an abuse of discretion.  Id.  A
reviewing court must decide whether the evidence adduced by either party, when
viewed in the light most favorable to appellant, is sufficient to raise the
defensive issue.  See Granger, 3 S.W.3d at 38; Lavern v. State,
48 S.W.3d 356, 360 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (en banc). 

ANecessity@ is a
justification defense to a criminal charge if:

(1)     the actor reasonably believes the conduct is
immediately necessary to avoid imminent harm; 








(2)     the desirability and urgency of avoiding the
harm clearly outweigh, according to ordinary standards of reasonableness, the
harm sought to be prevented by the law proscribing the conduct; and 

(3)     a legislative purpose to exclude the
justification claimed for the conduct does not otherwise plainly appear.

Tex. Penal Code Ann. ' 9.22 (Vernon
2003); Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1999). 

To raise the defense of necessity, a defendant must admit
to the charged conduct and then offer necessity as a justification.  See
Young, 991 S.W.2d at 839.  In this case, appellant admitted to hitting
Matthew twice because he feared for his life and wanted to separate Matthew
from the gun.








The first prong of the necessity defense requires evidence
of both a specific imminent harm and immediate necessity.  See Tex. Penal Code Ann. ' 9.22(1). 
Typically, more than a generalized fear of harm is required to raise the
element of imminent harm.  See id.; Stefanoff, 78 S.W.3d at 501; Brazelton
v. State, 947 S.W.2d 644, 648 (Tex. App.CFort Worth 1997,
no pet.); Chunn v. State, 821 S.W.2d 718, 719B20 (Tex. App.CHouston [1st
Dist.] 1991, pet. ref=d).  The possibility of harm does not
support an instruction on necessity.  Chunn, 821 S.W.2d at 719; see
Bobo v. State, 757 S.W.2d 58, 63B64 (Tex. App.CHouston [14th
Dist.] 1988, pet. ref=d).  AImminent@ means that harm
is immediate, impending, and at the point of happening now, but not about to
happen or pending.  See Stefanoff, 78 S.W.3d at 501; Schier v. State,
60 S.W.3d 340, 343 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d); Smith v.
State, 874 S.W.2d 269, 272B73 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d).  AHarm@ is defined as any
loss, disadvantage, or injury.  Tex.
Penal Code Ann. ' 1.07(a)(25) (Vernon 2003).  AImminent harm@ occurs when there
is an emergency situation and the actor=s conduct is Aimmediately
necessary@ to avoid that harm stemming from the emergency when a
split-second decision is required without time to consider the law.  See
Stefanoff, 78 S.W.3d at 501; Schier, 60 S.W.3d at 343; Smith,
874 S.W.2d at 272B73.  A defendant=s belief that
conduct was immediately necessary to avoid imminent harm may be deemed
unreasonable as a matter of law if undisputed facts demonstrate a complete
absence of evidence of imminent harm or immediate necessity.  See Graham v.
State, 566 S.W.2d 941, 952 n.3 (Tex. Crim. App. 1978); Kenny v. State,
No. 14-06-00764-CR, 2007 WL 2790373, at *9 (Tex. App.CHouston [14th
Dist.] Sept. 27, 2007, pet. ref=d).

In this case, appellant denied seeing Matthew holding a gun
or opening the gun case or removing the gun from the case.  The record does not
show that Matthew threatened to use the gun or brandished it in any fashion;
rather, the evidence shows that the gun remained in the gun case.  Indeed, the
undisputed evidence in the record reveals a complete absence of immediate
necessity or imminent harm.  See Kenny, 2007 WL 2790373, at *10.  In
viewing the evidence in the light most favorable to appellant, the record
evidence does not demonstrate that Matthew=s actions of
straddling the closed gun case would lead a reasonable person to believe a
specific harm was imminent or immediate.  See Schier, 60 S.W.3d at 344; see
also Kenny, 2007 WL 2790373, at *10 (warranting no instruction on
necessity for testimony that harm was Aabout to@ occur Asoon@ because no imminent
harm existed); Fuentes v. State, No. 11-05-00003-CR, 2006 WL 648343, at
*2 (Tex. App.CEastland Mar. 16, 2006, pet. ref=d) (not designated
for publication) (warranting no instruction on necessity when assault occurred
after a struggle with an intoxicated person, the vehicle was not moving, and
keys were not in the ignition because no imminent harm of intoxicated driving existed). 
Appellant has not proved that his actions were immediately necessary to avoid a
specific, imminent harm, as required in the first prong of the necessity
defense, to warrant an instruction on this defensive issue.  See Tex. Penal Code Ann. ' 9.22(1); Ford
v. State, 112 S.W.3d 788, 793B94 (Tex. App.CHouston [14th
Dist.] 2003, no pet.) (involving denial of necessity defense instruction for a
fleeing suspect when arresting law enforcement officer had not yet brandished a
weapon).  Accordingly, the trial court did not abuse its discretion in denying
appellant=s requested instruction.  See Muniz, 851 S.W.2d
at 254; Schier, 60 S.W.3d at 344.  Therefore, we overrule appellant=s sole issue.








The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 8, 2008.

Panel consists of
Justices Frost, Guzman, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).