COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| THOMAS ALEJANDRO MAGRO-MALO, | § | No. 08-08-00027-CR |
|  | § | Appeal from the |
| Appellant, | § |  |
|  |  | 416th District Court |
| V. | § |  |
|  |  | of Collin County, Texas |
| THE STATE OF TEXAS, | § |  |
|  |  | (TC# 416-80588-07) |
| Appellee. | § |  |
|  | § |  |

**O P I N I O N**

Thomas Magro-Malo was convicted by a jury of aggravated robbery and sentenced to 21 years' imprisonment. He raises one issue on appeal in which he asserts he was deprived of his right to effective assistance of counsel. We affirm.

On February 12, 2007, Martha Morales was working as a lead teller in the Preston Road branch of Chase Bank in Plano, Texas. Just before noon, she was approached by a Hispanic male who pulled out a pistol and told her to give him money. She gave the man over $7,000 in cash, and he walked out of the bank. Once the man was gone, Ms. Morales reported the robbery to her manager and notified the police. Officers from the Plano Police Department arrived moments later.

Detective Bruce Miller headed the investigation. The bank provided Detective Miller with numerous still photographs of the robber taken by security cameras inside the main lobby. Detective Miller released those photos to the media in an attempt to identify the suspect. The

following day, an individual contacted the police department, and identified the suspect as Thomas Magro-Malo. When the detective compared the bank photos to a driver's license photo under the same name, he believed it was the same man. Ms. Morales also identified Appellant as the robber when the detective presented her with a photo lineup. Appellant was located and arrested days later.

During an interview with Detective Miller, Appellant admitted to robbing the Chase Bank on February 12. He also admitted to another similar bank robbery in Addison, Texas on February 10. Appellant also told police that he had a partner who was also involved in both crimes. However, Appellant refused to identify the other man because he was afraid his partner would hurt him. During the Addison bank robbery, Appellant's partner had gotten angry when Appellant took "too long" in the bank, and took "too many chances" trying to increase the amount they stole. At some point, the other man threatened Appellant with a gun, and told Appellant, "If I get caught , its not going to be good for you." Appellant did tell the police that he had known this other man for approximately six months before the robberies. On prior occasions, Appellant had refused to take part in the other man's criminal schemes, such as smuggling illegal immigrants and dealing drugs.

Appellant was charged with aggravated robbery for the February 12, Plano bank robbery. The jury convicted Appellant and sentenced him to twenty-one years' imprisonment. On appeal, Appellant raises a single issue in which he argues that he was denied his constitutional right to effective assistance of counsel by his trial attorney's failure to request a jury instruction on the affirmative defense of duress.

We review claims of ineffective assistance of counsel under a two-pronged test. First, an

appellant must establish counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984); *Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). Second, the appellant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2068; *Mallet*, 65 S.W.3d at 62-3. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallet*, 65 S.W.3d at 63. Claims of ineffective assistance must be proved by a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).

When we review a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson*, 877 S.W.3d at 771. The reviewing court will not conclude the challenged conduct constituted ineffective assistance unless the conduct was so outrageous that no competent attorney would have engaged in it. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Allegations of ineffectiveness must be firmly founded in the record. *Mallet*, 65 S.W.3d at 64-5. In sum, an appellant challenging trial counsel's performance faces a difficult burden and a substantial risk of failure. *See Thompson*, 9 S.W.3d at 813.

Appellant argues he was denied effective assistance of counsel because his trial attorney failed to request a jury instruction on the affirmative defense of duress. He asserts that counsel's

decision to forgo the defense is not entitled to the presumption of reasonableness because it was "so outrageous that no competent attorney would have engaged in it."

A defendant it entitled to an instruction of every defensive issue raised by the evidence, regardless of the strength of that evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App. 1987). The duress defense is applicable to a case in which the actions "engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another." TEX.PENAL CODE ANN. § 8.05(a)(Vernon 2003). "Imminent" means something that is impending, not pending; something on the point of happening, not about to happen. *Schier v. State*, 60 S.W.3d 340, 343 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd). Harm is imminent when there is an emergency situation and it is immediately necessary to avoid that harm; when a split-second decision is required without time to consider the law. *Id*. A person is compelled to action within the meaning of the duress defense only if confronted by force or threat of force that would render a person of reasonable firmness incapable of resisting the pressure. TEX.PENAL CODE ANN. § 8.05(c).

The record in this case demonstrates that counsel made a conscious decision to pursue a "lack of intent" defense, instead of a duress defense. The following exchange took place during the jury's deliberations:

> The Court: In addition, it appears from the argument, as I was observing you, you made a tactical decision not to request the defensive charge of duress, but simply decided to argue intent. Is that your tactical decision?
>
> Defense Counsel: Yes sir.

The record does not support Appellant's conclusion that counsel's decision not to pursue

a duress defense was outside the zone of reasonable assistance. Based on the record, Appellant's attorney could have reasonably determined that the facts of the case did not raise a duress defense. According to the lead detective in the Plano robbery, Appellant's partner offered Appellant a part in several other criminal schemes before Appellant agreed to take part in the robberies. The detective also testified that Appellant's partner threatened him, not in order to coerce Appellant to commit the crime, but in order to keep Appellant from talking to the authorities, and to prevent Appellant from telling the police who his partner was. Appellant told the detective that of the $7,500 the two men took from the second robbery, Appellant kept $4,500, while his partner only received $3,000. The detective agreed that Appellant expressed concerns about his partner retaliating against him and his family if he were to refuse to take part in, or continue the robberies. However, the detective was not able to state whether these concerns motivated Appellant to participate in the crimes. During his interview with the detective, Appellant was not clear whether he had these thoughts before, during, or after the robberies.

In these circumstances, it was reasonable for Appellant's attorney to conclude that Appellant's actions were not motivated by "imminent" harm as defined by the statute.[1] Given the lack of evidence that Appellant committed these crimes under a threat of imminent harm, counsel made the decision to simply hold the State to its burden of proof on the elements of the offense. Whether or not, in hindsight, counsel's decision was a desirable trial strategy is not an appropriate inquiry. *See Smith v. State*, 968 S.W.2d 490, 492 (Tex.App.--Texarkana 1998, no

---

[1] It was also reasonable for Appellant's attorney to conclude that a duress defense was not raised by the evidence, and the instruction could be properly denied by the trial court. *See Young v. State*, 991 S.W.2d 835, 839 (Tex.Crim.App. 1999).

pet.), *citing Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App. 1979).  Because there is a reasonable explanation for counsel's decision to forego a jury instruction on duress, Appellant has failed to establish the conduct fell below an objective standard of reasonableness.  Issue One is overruled.

We affirm the trial court's judgment.


June 17, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)