# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00441-CR

**Anthony Jerome Scotts, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT**
**NO. D-1-DC-06-206246, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Anthony Jerome Scotts of possession of a controlled substance, *see* Tex. Health & Safety Code Ann. § 481.115 (West 2003), and the district court sentenced him to eight years in prison. Scotts argues that the evidence was factually insufficient to support the judgment. We affirm the judgment of conviction.

On November 4, 2006, police responded to a report of a domestic disturbance at the home of appellant Anthony Jerome Scotts. When Detective Anthony Nelson arrived at Scotts's apartment, Scotts's girlfriend, Angela Williams, who was pregnant at the time, was standing outside and was obviously upset. She told Nelson that Scotts had just assaulted her and that he was inside the apartment. Shortly thereafter, Scotts came out of the apartment. Nelson frisked Scotts and discovered a plastic bag containing crack cocaine in Scotts's clenched fist. Nelson then arrested and performed a full search of Scotts. Nelson's search revealed a pill bottle containing more

crack cocaine. Lab testing confirmed that the two substances found in the plastic bag and the pill bottle were, indeed, crack cocaine and that the bag contained 2.58 grams while the pill bottle contained .67 grams.

At trial, Scotts stipulated to possessing the crack cocaine, but stated that he had taken it from his pregnant girlfriend in order to prevent her from consuming it. A jury found Scotts guilty, and the district court sentenced him to eight years in prison.

Scotts argues that the evidence was factually insufficient to support the judgment of conviction. Although Scotts stipulated to possessing the cocaine, he argues that he proved necessity by showing that, if he had not taken the cocaine from Williams, Williams would have consumed it and caused harm to her unborn child.

In a factual-sufficiency review, the evidence is reviewed in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). Evidence is factually insufficient (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Id.* An appellate court must be appropriately deferential to the jury's verdict in order to avoid substituting its own judgment for that of the fact-finder. *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

To prevail on a defense of necessity, the contemplated harm must be imminent. "Imminent" means that something is impending, not pending; something that is on the point of

2

happening, not about to happen. *Schier v. State*, 60 S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Imminent harm contemplates an emergency situation, requiring immediate action or a split-second decision without time to consider the law. *Id.* A general fear of harm, alone, is insufficient to invoke the necessity defense; rather, the necessity defense requires imminent harm such that an immediate, non-deliberative action must be made without hesitation or thought of the legal consequence. *See Stefanoff v. State*, 78 S.W.3d 496, 501 (Tex. App.—Austin 2002, pet. ref'd).

Scotts contends that his possession of the crack cocaine was necessary to prevent his pregnant girlfriend from consuming it. However, even assuming that Scotts believed that Williams's unborn child was in immediate danger when Williams "went to go get" the crack cocaine, there is no evidence that the imminent harm still existed at the time that the offense actually occurred. Scotts was apprehended as he was leaving the apartment, at which point Williams was still talking with Detective Nelson outside of the apartment building. Thus, at the time of the offense, Williams was making no attempt to consume the crack cocaine, even if she had intended to do so at some point in the past.

In addition, Scotts's contention that he was in possession of the crack cocaine in order to prevent Williams from consuming it is inconsistent with the testimony of Williams and Detective Nelson, who both indicated that Williams had called the police, not because she was angry with Scotts for withholding the crack cocaine, but because Scotts had assaulted her.[1] The jury was

---

[1] Although Williams was a key witness for the defense, her testimony at trial was both internally inconsistent and inconsistent with what she told Detective Nelson on the day of the incident.

3

free not to believe Scotts's version of events. *See King*, 29 S.W.3d at 564 ("Given the discrepancies between the evidence and appellant's statements, the jury reasonably could have found that appellant was not credible.").

Even viewing this evidence in a neutral light, a rational trier of fact could have found beyond a reasonable doubt that there was no danger of imminent harm to justify Scotts's possession of the crack cocaine. *See Roberts*, 220 S.W.3d at 524; *King*, 29 S.W.3d at 562. Accordingly, we overrule Scotts's sole point of error. Having overruled Scotts's point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 7, 2009

Do Not Publish

4