**Affirmed and Memorandum Opinion filed August 14, 2014.**



In the

# Fourteenth Court of Appeals

## NO. 14-13-00880-CR
## NO. 14-13-00881-CR

### HOWARD ALLEN GUERRERO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1369515 & 1369516**

## M E M O R A N D U M   O P I N I O N

Appellant Howard Allen Guerrero was convicted by a jury of aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon.[1] Appellant challenges both convictions on appeal. With regard to the aggravated assault conviction, he contends the evidence presented is legally insufficient to

---

[1] *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 46.04(a) (West 2011).

support the jury's rejection of his defense of a third person claim. With regard to the felon in possession conviction, appellant argues that the trial court erred by denying his request for an instruction on the defense of necessity. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2012, appellant and his girlfriend, Ashley Benavidez, were at Whiskey River dance hall located on FM 1960 in Harris County, Texas. They had driven to Whiskey River in a black Impala. Around the time they left Whiskey River, appellant and Benavidez began arguing. This argument continued in the black Impala. Somewhere along their route, Benavidez decided to exit the vehicle and walk home. Appellant drove away, but returned multiple times in unsuccessful attempts to pick up Benavidez. Appellant also asked his brother and Benavidez's father to attempt to pick her up, but she refused to get in a car.

Meanwhile, complainant Adam Manriquez was driving home from visiting his girlfriend and noticed Benavidez walking down the road at close to 1:30 a.m. Manriquez testified that he pulled over and asked Benavidez if she needed to call anyone. After she told him no, he drove up to a stop sign, saw a black Impala drive up to Benavidez, and watched appellant get out of the vehicle and approach her. Manriquez then turned the corner and stopped to observe appellant and Benavidez.

Appellant testified that as he drove back to Benavidez, he saw her yelling at a man in a car next to her. Appellant asked Benavidez if she knew the man, then walked towards Manriquez screaming, "leave her alone, leave her alone, I got her." According to appellant, he then walked back to the Impala to "look for a weapon" because he "was in fear for [his] life but more of [sic] Ashley's." After first looking in the center console and glove box and finding nothing, appellant then decided to look in the trunk. On his way out of the vehicle, however, he located a

2

gun in the pocket of the driver-side door and fired three shots—two in the general direction of Manriquez.[2]  Manriquez called 911, and officers arrested appellant.

The jury convicted appellant of aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon.  Appellant waived his right to have the jury consider punishment, and the trial court assessed 25 years of confinement for the aggravated assault conviction and 10 years for the possession of a firearm conviction, with the sentences to run concurrently.  On appeal, appellant presents two issues: (1) whether the trial court erred in denying his request for an instruction on the defense of necessity in his felon in possession case and (2) whether the evidence is legally insufficient to support the jury's implied rejection of his claim in his aggravated assault case that he acted in defense of a third person.

## II.  ANALYSIS

### A. Legal sufficiency of the evidence supporting the jury's implied rejection of appellant's defense of a third person claim

We initially address appellant's second issue as that issue could afford the greatest relief.  *See Campbell v. State*, 125 S.W.3d 1, 4 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

#### 1.  Standard of review

In evaluating a legal insufficiency claim, we consider all the evidence in the light most favorable to the verdict.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hernandez v. State*, 309 S.W.3d 661, 665 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd.).  We determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*, 443 U.S. at

---

[2] Appellant's ex-girlfriend testified that both the Impala and the firearm belonged to her.

319; *Hernandez*, 309 S.W.3d at 665. Specifically, when an appellant challenges the legal sufficiency of the evidence to support the jury's implicit rejection of a defensive claim, we determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt and could have found against the appellant on the defensive issue beyond a reasonable doubt. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); *Hernandez*, 309 S.W.3d at 665.

We accord great deference to the factfinder to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may only overturn a verdict if it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (citing *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)).

### 2. The evidence is legally sufficient to support the jury's implicit conclusion that appellant did not act in defense of Benavidez.

A jury verdict of guilty implicitly rejects a party's defensive theory. *Saxton*, 804 S.W.2d at 914. Here, the jury convicted appellant of aggravated assault with a deadly weapon. "A person commits [aggravated assault] if the person commits assault . . . and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). "A person commits [assault] if the person . . . intentionally or knowingly threatens another with imminent bodily injury." Tex. Penal Code Ann. § 22.01(a)(2) (West 2011 & Supp. 2014). However, defending a third person justifies the use of deadly force against another if: (1) the actor is justified "in using . . . deadly force to protect himself against the . . . unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and (2) the actor reasonably

believes that his intervention is immediately necessary to protect the third person." Tex. Penal Code Ann. § 9.33 (West 2011); *see also id.* §§ 9.31, 9.32. A "reasonable belief" is defined as one that would be held by "an ordinary and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(a)(42) (West 2011 & Supp. 2014).

Appellant admitted to discharging the firearm three times; however, he contends it was unreasonable for the jury to reject his theory that he was acting in defense of Benavidez. Specifically, appellant argues that the combined weight of both his and Benavidez's testimony renders the jury's rejection of his third person defense claim legally insufficient. Both appellant and Benavidez testified that they feared for Benavidez's safety. However, they also both testified that they were never close enough to "see [Manriquez's] face" or "see [Manriquez] eye to eye." Appellant further stated that he "really couldn't tell [what Manriquez was doing] because [he] couldn't see inside the car" when it was stopped around the corner.

Appellant testified that he only fired shots "to get [Manriquez] away [and] scare him" so appellant could protect Benavidez. However, Manriquez testified that he only stopped to ask Benavidez if she needed help. After she said no, Manriquez drove his car around the corner and stopped to watch appellant and Benavidez. Appellant did not shoot until after Manriquez had stopped his car around the corner and was no longer near Benavidez.

The jury had the ultimate authority to determine the credibility of the witnesses and weight to be given to their testimony, and to draw reasonable inferences from that testimony. *Jackson*, 443 U.S. at 319; *see Garcia v. State*, 919 S.W.2d 370, 382 n.6 (Tex. Crim. App. 1996) (per curiam) (op. on reh'g). Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have concluded beyond a reasonable doubt that appellant intentionally threatened

Manriquez with imminent bodily injury by using a deadly weapon; and that appellant was not justified in using that deadly weapon because his intervention was not immediately necessary, nor could he reasonably have believed that Manriquez was threatening unlawful deadly force against Benavidez. *See* Tex. Penal Code Ann. §§ 9.33, 21.02(a)(2), 22.02(a)(2); *see also Saxton*, 804 S.W.2d at 914 (concluding jury could have found beyond a reasonable doubt that appellant committed murder and was not justified in using deadly force in self-defense); *Hernandez*, 309 S.W.3d at 665–67 (same); *Smith v. State*, 355 S.W.3d 138, 146–47 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (same as to appellant's claims of self-defense and defense of a third person); *Miranda v. State*, 350 S.W.3d 141, 149 (Tex. App.—San Antonio 2011, no pet.) (same). We conclude that the evidence is legally sufficient to support the jury's implicit rejection of appellant's defense of a third person claim.

We overrule appellant's second issue.

## B. Refusal to instruct jury on necessity defense

In his first issue, appellant contends that it was necessary for him to take possession of the firearm and discharge it to protect Benavidez. Appellant argues that the trial court erred by not including a necessity defense instruction in the jury charge for possession of a firearm by a felon, and that he suffered harm.

### 1. Standard of review

A defendant is entitled to an instruction on any properly requested defensive issue raised by evidence from any source, regardless of whether the evidence is "strong, weak, unimpeached, contradicted, or unbelievable." *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993); *Kenny v. State*, 292 S.W.3d 89, 100 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). A defendant's testimony alone

may be sufficient to raise a defensive issue. *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991); *Kenny*, 292 S.W.3d at 100. However, a trial court only commits error in refusing a requested instruction when every element of a raised issue is supported by the evidence. *See Muniz*, 851 S.W.2d at 254.

### 2. The trial court did not err in refusing appellant's requested necessity instruction.

Necessity is an available defense to a defendant charged with unlawful possession of a firearm by a felon. *Vasquez v. State*, 830 S.W.2d 948, 950–51 (Tex. Crim. App. 1992) (per curiam). To prove conduct is justified under the necessity defense, the defendant must show: "(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear." Tex. Penal Code Ann. § 9.22 (West 2011).

If undisputed facts demonstrate a complete absence of evidence of "immediate necessity" or "imminent harm," then a defendant's belief that conduct is immediately necessary to avoid imminent harm is unreasonable as a matter of law. *Kenny*, 292 S.W.3d at 100–01. Something is "imminent" if it "is impending, not pending; something that is on the point of happening, not about to happen." *Id.* at 100 (citing *Schier v. State*, 60 S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). "An 'imminent harm' occurs when there is an emergency situation and it is 'immediately necessary' to avoid that harm, when a split-second decision is required without time to consider the law." *Id.*; *see Dewalt v. State*, 307 S.W.3d 437, 454 (Tex. App.—Austin 2010, pet. ref'd) (defining "imminent harm"

7

as "an immediate, non-deliberative action made without hesitation or thought of the legal consequence").

Appellant contends that his testimony indicates he took possession of a firearm only because it was "necessary" to protect Benavidez "from a possible stalker." However, appellant's own testimony demonstrates that he was not required to make a "split-second decision" when he took possession of the firearm. *See Kenny*, 292 S.W.3d at 101 (appellant's admission there was a five-minute argument with complainant before restraining her indicated he did not act "in a split-second without time to consider any legal alternatives" and therefore revealed a complete absence of immediate necessity or imminent harm). Appellant testified that after Manriquez had approached Benavidez in his vehicle, appellant then drove back to Benavidez, talked with her, watched Manriquez turn the corner, walked towards Manriquez to yell at him, walked back to the Impala, and searched in the Impala's glove box and console before locating the firearm in the driver-side door. *See Castaneda v. State*, 28 S.W.3d 216, 225 (Tex. App.—El Paso 2000, pet. ref'd) (no error in refusing necessity instruction where evidence showed that after altercation appellant retreated to his apartment, found rifle, left apartment, descended flight of stairs, then fired shots into group). Appellant also stated that he "was hoping to find a gun" when he walked back and began searching throughout the car.

Even viewing the evidence in the light most favorable to the defense,[3] we conclude that because the evidence completely fails to indicate appellant was required to make the decision to take possession of the firearm in a split second without time to consider legal alternatives, such as calling 911, appellant did not reasonably believe his conduct was immediately necessary to avoid imminent harm

---

[3] *See Kenny*, 292 S.W.3d at 100.

8

as a matter of law.  *See* Tex. Penal Code Ann. § 9.22(1); *Kenny*, 292 S.W.3d at 101; *Castaneda*, 28 S.W.3d at 225.  Therefore, the trial court properly refused to instruct the jury on the defense of necessity.  *See Muniz*, 851 S.W.2d at 254; *Kenny*, 292 S.W.3d at 101; *Castaneda*, 28 S.W.3d at 225.[4]

We overrule appellant's first issue.

### III.    CONCLUSION

Accordingly, we affirm the trial court's judgment.


/s/          Marc W. Brown
Justice

Panel consists of Chief Justice Frost, and Justices Donovan and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[4] Having found no charge error, we need not analyze harm.  *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013).