No. 14-13-00350-CR

In the Court of Criminal Appeals

Austin, Texas

FILED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Jason Ray Bouchard

V.

The State of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Appealed from the 178th District Court
of Harris County Texas
Cause # 1374815

Motion for Extension of Time to File
Appellant's Petition for Discretionary Review

To the Honorable Judges of said Court:

Come now, Jason Ray Bouchard, Appellant, to file this his Motion for Extension of Time to File Appellant's Petition for Discretionary Review (PDR) of the lower court's judgement and sentence, and in support thereof would respectfully show the court as follows:

## I.

Appellant's case has been affirmed by the Court of Appeals 14th District of Texas on December 16, 2014. A copy of said Appellate Court's Opinion and Judgement is attached.

## II.

This is the First request for Extension of Time for the Filing of Appellant's Petition for Discretionary Review. No previous extensions of time have been requested or granted for the Filing of Appellant's PDR.

## III.

That the Facts relied upon to reasonably explain the need for an extension are as follows:

Appellant, Jason Ray Bouchard, is currently incarcerated in the Texas Dept. of Criminal Justice, Institutional Division, and has limited time, supplies, and resources to file a PDR within 30 days of the Appellate Court's Judgement affirming my case.

Appellant needs to acquire; and is in the process of doing so; information and documentation from Direct Appeal Lawyer. Appellant's only resource of communications outside of prison is the "Snail" Mail of the USPS, and needs ample time for information discimination and coordination.

Wherefore, premises considered, Appellant, Jason Ray Bouchard, respectfully requests that Motion for Appellant's Motion for Extension of Time to file Appellant's PDR be granted in this cause for 60 days or until 16 March, 2015.

PRAYER

APPELLANT PRAYS THE COURT GRANT THIS MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW.

RESPECTFULLY SUBMITTED,

JASON RAY BOUCHARD

CERTIFICATE OF SERVICE

I, JASON RAY BOUCHARD HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR EXTENSION OF TIME TO FILE PDR HAS BEEN SERVED UPON COUNSEL FOR APPELLEE, M. ANDERSON, 1201 FRANKLIN, SUITE 600, HOUSTON, TX 77002 ON 6 JANUARY, 2015.

JASON RAY BOUCHARD
TDCJ# 01852819
TELFORD UNIT
3899 STATE HWY 98
NEW BOSTON, TX 75570

December 16, 2014



# JUDGMENT

## The Fourteenth Court of Appeals

JASON RAY BOUCHARD, Appellant

NO. 14-13-00350-CR           V.

THE STATE OF TEXAS, Appellee

---

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order this decision certified below for observance.

Affirmed and Memorandum Opinion filed December 16, 2014.



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00350-CR

---

### JASON RAY BOUCHARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1374815

---

## MEMORANDUM OPINION

Jason Bouchard appeals his conviction for the capital murder of Terri Sanvicente. In two issues, which we consolidate into one, appellant challenges the trial court's denial of his requests for jury instructions on the defenses of necessity and on defense of a third person. We hold that the trial court did not err in failing to instruct the jury on those defensive issues because appellant did not meet his

burden to establish that he was entitled to the instructions. We therefore affirm the trial court's judgment.

## BACKGROUND

Appellant and the victim, Terri Sanvicente, had been married. The couple had three children together. The relationship ended in 2007, and during the subsequent custody dispute, their daughter alleged that appellant had sexually abused her.

At trial, appellant testified that he killed Sanvicente because she was the reason their daughter alleged she had been abused. Appellant felt that Sanvicente forced their daughter to make those accusations. Additionally, appellant stated that he was about 90 to 95% certain that Sanvicente had abused their daughter. He also alleged it was possible that Sanvicente allowed someone else to do it. Appellant conceded, however, that he did not believe Sanvicente was molesting their daughter at the time he committed the offense. He testified as follows: "I felt that Terri Sanvicente was a constant threat. Did I believe she was molesting her right then and there on the spot when I went there? No."

Appellant visited both Target and Walmart to select a murder weapon. Appellant decided to purchase a crowbar and a gas can. He traveled toward Sanvicente's home, poured gas on a window in the back of the house, and lit a fire. Appellant then ran to the front of the house, beat on the front door, rang the doorbell three times, and said "Fire, fire, get out, get out." Appellant testified that he then used the crowbar to break the windows of his children's room and alerted them of the fire. Sanvicente came to the front door and opened it. Appellant testified that he struck Sanvicente with the crowbar between fifteen and twenty times, including three two-handed blows to the head as she attempted to crawl away, before relenting because he was fairly certain she was dead.

2

During the charge conference, appellant objected to the court's proposed charge and requested an instruction on defense of a third person and an instruction on the defense of necessity. The court denied both requests on the grounds that there was no evidence presented to the jury that any threat was imminent. Appellant was convicted of capital murder and sentenced to life imprisonment without parole. This appeal followed.

## ANALYSIS

### I. The trial court correctly denied appellant's requests for jury instructions on the defenses of necessity and defense of a third person.

Appellant contends that the trial court erred in denying his request for the inclusion of a necessity defense instruction and his request for an instruction on defense of a third person in the jury charge. We hold that the evidence presented by appellant did not entitle him to the inclusion of either instruction.

#### A. Standard of review

When reviewing claims of jury charge error, we use a two-step process. First, we determine whether error actually exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if error exists, we determine whether it was harmful using the framework outlined in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

We review for abuse of discretion a trial court's decision not to include a defensive issue in the jury charge. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think

3

about the credibility of this evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Indeed, the court must view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). A defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge. *Hayes*, 728 S.W.2d at 807.

## B.    Necessity

Section 9.02 of the Texas Penal Code provides that it is a defense to prosecution if the conduct in question is justified under this chapter. Tex. Penal Code Ann. § 9.02 (West 2011). Under the defense of necessity, conduct is justified if (1) the actor reasonably believed the conduct was immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. Tex. Penal Code § 9.22 (West 2011). A "reasonable belief" is one that would be held by "an ordinary and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(a)(42) (West 2011).

"'Imminent' means something that is impending, not pending; something that is on the point of happening, not about to happen." *Schier v. State*, 60 S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "An 'imminent harm' occurs when there is an emergency situation and it is 'immediately necessary' to avoid that harm, when a split-second decision is required without time to consider the law." *Id.* A defendant's belief that conduct was immediately necessary to avoid imminent harm may be deemed unreasonable as a matter of law if undisputed facts demonstrate a complete absence of evidence of immediate

4

necessity or imminent harm. *Arnwine v. State*, 20 S.W.3d 155, 159 (Tex. App.— Texarkana 2000, no pet).

## C. Defense of third person

In defending a third person, the use of deadly force against another is justified if the actor would be justified in using deadly force to protect himself against the unlawful deadly force he reasonably believes to be threatening the third person; and the actor reasonably believes that his intervention is immediately necessary to protect the third person. Tex. Penal Code Ann. § 9.33 (West 2011); *see also id.* §§ 9.31, 9.32.

## D. Because there is no evidence of a reasonable belief that action was immediately necessary, appellant was not entitled to either instruction.

Given the overlap between the two defenses raised by appellant, we address them together. Both defenses share the common elements of "reasonable belief" and "immediate necessity." In this case, there is no evidence in the record that appellant's conduct was immediately necessary to avoid imminent harm. Moreover, as detailed above, appellant's testimony reveals that he did not believe his daughter was being sexually abused at the time he committed the offense. Accordingly, appellant was not entitled to either defensive instruction. Because we hold that there was no evidence to suggest that appellant reasonably believed his conduct was immediately necessary, we need not address the other elements of the defenses. We overrule appellant's two issues.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/     J. Brett Busby
        Justice


Panel consists of Justices Boyce, Busby, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).