**Opinion issued January 16, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00972-CR

———————————

**LEGEORDEN MAYKEITHIS PLATER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1578947**

---

## MEMORANDUM OPINION

Legeorden Maykeithis Plater appeals his conviction for unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE § 46.04. He argues that his trial counsel was ineffective for failing to present an opening argument and failing to request a necessity instruction. We affirm.

## Background

In the early morning hours of February 2, 2018, Houston police officers attempted to conduct a traffic stop on a white van. Instead of pulling over, the van accelerated and led police on a chase. The van eventually turned into the parking lot of an apartment complex. While the van was still moving, the front doors opened, and two people fled on foot. A police officer chased the driver on foot through the complex and eventually apprehended Plater, whom the officer believed was the driver. During the arrest, Plater told the officer that he had a gun in his pocket.

Plater was indicted for evading arrest in a motor vehicle and for unlawful possession of a firearm by a felon. At trial, Plater testified that he was not the driver but happened to be in the complex outside a friend's apartment when the chase ended. He admitted that he was a felon and that he had a gun in his pocket when he was arrested.

The jury found him not guilty of evading arrest and guilty of the firearm charge. The trial court sentenced him to six years' imprisonment. This appeal followed.

**Ineffective Assistance of Counsel**

On appeal, Plater argues that his trial counsel was ineffective for failing to make an opening statement and failing to request an instruction regarding the defense of necessity.

## A.    Standard of Review

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). The defendant bears the burden of proof on both issues, and failure to make either showing by a preponderance of the evidence will defeat his ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Under the first *Strickland* prong, any judicial review of whether counsel's performance was deficient must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Id.* We begin by presuming that trial counsel performed within professional norms. *Id.* We do not assume that counsel lacked a sound reason for making the choices he did; on the contrary, the defendant must demonstrate that no plausible reason exists for a particular act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Toledo v. State*, 519 S.W.3d

273, 287 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone*, 77 S.W.3d at 833. In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, and the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "It is not sufficient that defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Under the second *Strickland* prong, a defendant must show more than "that the errors had some conceivable effect on the outcome of the proceeding*." Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 693). The defendant must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt. *Id.* (quoting *Strickland*, 466 U.S. at 695). A reasonable probability is probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Id.* at 697.

## B.     Failure to Make an Opening Statement

Plater argues that his trial counsel rendered ineffective assistance by failing to make an opening statement. Whether to deliver an opening statement is entirely optional. *Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see also Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.) ("The option for defense counsel to deliver an opening statement immediately after the State makes an opening statement is entirely discretionary."). "Few matters during a criminal trial could be more imbued with strategic implications than the exercise of this option." *Darkins*, 430 S.W.3d at 570 (quoting *Calderon*, 950 S.W.2d at 127). Plater did not file a motion for new trial alleging ineffective assistance of counsel or otherwise develop a record of

counsel's reasons for his actions. On this record, counsel's failure to make an opening statement was not conduct "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392.

## C.    Failure to Request Special Instruction on Necessity

Plater asserts that his trial counsel was ineffective for failing to request a jury instruction on the defense of necessity. Plater testified at trial that on the morning in question, he was standing outside his friend's apartment when he heard a car crash. Moments later, two men ran by him with guns. He moved to the side, took something from his pocket, and threw it under a car. He then dropped to his knees because police officers were approaching. A police officer placed him in handcuffs, and he notified the officer that he had a gun in his pocket. During his testimony, Plater admitted that he had previously been convicted of a felony drug charge.

Necessity is a confession-and-avoidance defense that excuses an actor's conduct. *See Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010). To be entitled to the defense, the defendant must first admit to the conduct of the charged offense. *Id.* at 405. The jury may then excuse that conduct if it determines that: (1) the defendant reasonably believed that his conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweighed the harm sought to be prevented by the law proscribing the conduct;

and (3) no legislative purpose exists to exclude the defense. TEX. PENAL CODE § 9.22.

Even if trial counsel had requested a necessity instruction, the trial court may have refused the request on the ground that Plater presented no evidence of imminent harm. *Humaran v. State*, 478 S.W.3d 887, 903 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). For an "imminent harm to occur, there must be an emergency situation that requires a split-second decision without time to consider the law." *Id.* (citing *Schier v. State*, 60 S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). Plater suggests that he needed to possess the gun based on a fear of imminent harm. He argues that he proved imminent harm when he testified that he saw two men with guns running through the apartment complex pursued by police officers. But Plater possessed a gun before witnessing the chase, and there is no evidence that he was confronted with the type of harm requiring avoidance by a split-second decision.[*] Without such evidence, the jury would have no basis for excusing Plater's conduct as immediately necessary. Plater did not meet his burden to prove that his counsel's failure to request a jury instruction on necessity fell below an objective standard of reasonableness. *See Thompson*, 9 S.W.3d at 812. We overrule his ineffective assistance of counsel issue.

---

[*] Plater was the only defense witness, and the State's theory was that Plater drove the van in the police chase.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Keyes, Lloyd, and Kelly.

Do not publish.  TEX. R. APP. P. 47.2(b).